**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| GERALD L. TUCKER,<br><br>          Petitioner,<br><br>     v.<br><br>P. D. BRAZELTON,<br><br>          Respondent. | Case No. 1:13-cv-01534-AWI-BAM-HC<br><br>ORDER DISREGARDING UNTIMELY OBJECTIONS FILED AFTER THE ENTRY OF JUDGMENT (DOCS. 15-19)<br><br>ORDER DENYING PETITIONER'S MOTION FOR RECONSIDERATION (DOCS. 15-19) AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY<br><br>INFORMATIONAL ORDER |

Petitioner is a state prisoner who proceeded pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

I. Background

Petitioner filed his petition on September 23, 2013. On October 30, 2013, the Magistrate Judge filed findings and recommendations that the petition for writ of habeas be dismissed as an unauthorized successive petition, Petitioner's motions for injunctive relief and release be dismissed, the Court decline to issue a certificate of appealability, and the Clerk be directed to close the case. The findings and recommendations were served on all

1

parties on the same date.[1] The findings and recommendations advised the parties that objections could be filed within thirty days and replies within fourteen days after the filing of objections. The thirty-day period for the filing of objections passed without objections being filed. On January 3, 2014, the Court adopted the findings and recommendations, dismissed the petition along with Petitioner's motions, and declined to issue a certificate of appealability.

From February 10, 2014, through May 27, 2014, Petitioner filed various documents styled as objections. In these documents, Petitioner asserted generally that the dismissal of his petition was a cover-up of a possible murder, and the CDCR tampered with his mail (doc. 15, 1-2); Petitioner did not consent to Magistrate Judge jurisdiction, the petition challenged a 2002 murder conviction in Tulare, he suffered a miscarriage of justice because the cops tampered with and planted evidence, he was actually innocent, and it was unfair to dismiss the petition without appointing counsel (docs. 16, 18, 19); and he had timely submitted unspecified documents because he requested the Clerk of the Central District to copy and send to this Court a copy of a document or documents that he filed there (doc. 17).

II. Objections

First, although Petitioner has denominated his filings as objections, the filings were untimely if considered to be

---

[1] The docket reflects that Petitioner was served at the R.J. Donovan Correctional Facility, the address listed on the docket. (Docs. 6, 8, 14.) Thus, Petitioner received adequate notice of the findings and recommendations. Further, during the same time period, namely, November 2013 through January 2014, Petitioner filed motions for injunctive relief and for release; however, Petitioner did not file objections to the findings and recommendations. (Docs. 9, 11.)

objections.  Further, it does not appear that Petitioner has set forth any grounds that would constitute good cause for an extension of the deadline for filing objections.  Finally, the only argument in the filings that appears to address the substance of the findings and recommendations is Petitioner's contention that the petition filed in the instant case was not successive because it related to a different conviction from that involved in the first habeas proceeding in this Court.  However, reference to the petition filed in the instant case and to documents filed in the previous habeas proceeding shows that both petitions relate to Petitioner's conviction of a violation of Cal. Pen. Code § 187 in connection with the murder and sexual assault of Wilma Jean McNutt.  (Pet., doc. 1, 1, 5-84; Gerald L. Tucker v. Stuart Ryan, case number 1:04-cv-05663-OWW-DLB-HC, trav., doc. 37, 7-25; fdgs. & recs., doc. 45, 1-5.)

Thus, Petitioner's filings will not be considered as objections to the findings and recommendations.

### III. Motion for Reconsideration of Ruling regarding Successive Petition

It is possible to consider Petitioner's filings as a motion for reconsideration of the dismissal of the petition as a successive petition.

#### A. Legal Standards

To the extent that Petitioner's filings constitute a motion for reconsideration, a motion for reconsideration is treated as a motion to alter or amend judgment under Federal Rule of Civil Procedure 59(e) if it is filed within the time limit set by Rule 59(e). United States v. Nutri-cology, Inc., 982 F.2d 394, 397 (9th Cir.

1992).  Otherwise, it is treated as a motion pursuant to Federal Rules of Civil Procedure 60(b) for relief from a judgment or order. American Ironworks & Erectors, Inc. v. North American Const. Corp., 248 F.3d 892, 989-99 (9th Cir. 2001).  A motion to alter or amend a judgment pursuant to Fed. R. Civ. P. 59(e) "must be filed no later than 28 days after the entry of the judgment."  Fed. R. Civ. P. 59(e).

Here, pursuant to the mailbox rule, Petitioner's first "objections" were filed on January 28, 2014, the date of the proof of service.  (Doc. 15, 3.)  If this date is considered to be the date of filing, it amounted to less than twenty-eight days after January 3, 2014, the date upon which the judgment was entered.[2]

---

[2] Dates of filing are calculated pursuant to the "mailbox rule."  Habeas Rule 3(d) provides that a paper filed by a prisoner is timely if deposited in the institution's internal mailing system on or before the last day for filing.  The rule requires the inmate to use the custodial institution's system designed for legal mail; further, timely filing may be shown by a declaration in compliance with 28 U.S.C. § 1746 or by a notarized statement setting forth the date of deposit and verifying prepayment of first-class postage.  Id.  Habeas Rule 3(d) reflects the "mailbox rule," initially developed in case law, pursuant to which a prisoner's pro se habeas petition is "deemed filed when he hands it over to prison authorities for mailing to the relevant court."  Houston v. Lack, 487 U.S. 266, 276 (1988); Huizar v. Carey, 273 F.3d 1220, 1222 (9th Cir. 2001).  The mailbox rule applies to federal and state petitions alike.  Campbell v. Henry, 614 F.3d 1056, 1058-59 (9th Cir. 2010) (citing Stillman v. LaMarque, 319 F.3d 1199, 1201 (9th. Cir. 2003), and Smith v. Ratelle, 323 F.3d 813, 816 n.2 (9th Cir. 2003)).  The mailbox rule, liberally applied, in effect assumes that absent evidence to the contrary, a legal document is filed on the date it was delivered to prison authorities, and a petition was delivered on the day it was signed.  Houston v. Lack, 487 U.S. at 275-76; Roberts v. Marshall, 627 F.3d 768, 770 n.1 (9th Cir. 2010); Campbell v. Henry, 614 F.3d 1056, 1058-59 (9th Cir. 2010); Lewis v. Mitchell, 173 F.Supp.2d 1057, 1058 n.1 (C.D.Cal. 2001).  The date a petition is signed may be inferred to be the earliest possible date an inmate could submit his petition to prison authorities for filing under the mailbox rule.  Jenkins v. Johnson, 330 F.3d 1146, 1149 n.2 (9th Cir. 2003), overruled on other grounds, Pace v. DiGuglielmo, 544 U.S. 408 (2005).  However, if there is a long delay between the alleged mailing and receipt by a court, a district court may attribute the discrepancy to various causes, including the court, the postal service, the prison

Thus, in an abundance of caution, the Court will consider the filings pursuant to both Rule 59(e) and Rule 60.

### 1. Relief pursuant to Fed. R. Civ. P. 59(e)

Relief pursuant to Fed. R. Civ. P. 59(e) is appropriate when there are highly unusual circumstances, the district court is presented with newly discovered evidence, the district court committed clear error, or a change in controlling law intervenes. School Dist. No. 1J, Multnomah County, Oregon v. AcandS, Inc., 5 F.3d 1255, 1262 (9th Cir. 1993). To avoid being frivolous, such a motion must provide a valid ground for reconsideration. See, MCIC Indemnity Corp. v. Weisman, 803 F.2d 500, 505 (9th Cir. 1986).

### 2. Relief pursuant to Fed. R. Civ. P. 60

Federal Rule of Civil Procedure 60(b) governs the reconsideration of final orders of the district court. The rule permits a district court to relieve a party from a final order or judgment on grounds including but not limited to 1) mistake, inadvertence, surprise, or excusable neglect; 2) newly discovered evidence; 3) fraud, misrepresentation, or misconduct by an opposing party; or 4) any other reason justifying relief from the operation of the judgment. Fed. R. Civ. P. 60(b). The motion for reconsideration must be made within a reasonable time, and in some instances, within one year after entry of the order. Fed. R. Civ. P. 60(c).

Although the Court has discretion to reconsider and vacate a prior order, Barber v. Hawaii, 42 F.3d 1185, 1198 (9th Cir. 1994),

---

authorities, or the prisoner himself. See, Koch v. Ricketts, 68 F.3d 1191, 1193 n.3 (9th Cir. 1995) (concerning analogous Fed. R. App. P. 4(c)).

5

motions for reconsideration are disfavored.  A party seeking reconsideration must show more than a disagreement with the Court's decision and offer more than a restatement of the cases and arguments considered by the Court before rendering the original decision.  United States v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001).

Motions to reconsider pursuant to Rule 60(b)(1) are committed to the discretion of the trial court, Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir. 1983), which can reconsider interlocutory orders and re-determine applications because of an intervening change in controlling law, the availability of new evidence or an expanded factual record, or the need to correct a clear error or prevent manifest injustice, Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D.Cal. 1986), aff'd in part and rev'd in part on other grounds, 828 F.2d 514 (9th Cir. 1987).

A motion for reconsideration under Rule 60(b)(6) will not be granted unless the movant shows extraordinary circumstances justifying relief.  Gonzalez v. Crosby, 545 U.S. 524, 536 (2005).

Local Rule 230(j) provides that whenever any motion has been granted or denied in whole or in part, and a subsequent motion for reconsideration is made upon the same or any alleged different set of facts, counsel shall present to the Judge or Magistrate Judge to whom such subsequent motion is made an affidavit or brief, as appropriate, setting forth the material facts and circumstances surrounding each motion for which reconsideration is sought, including information concerning the previous judge and decision, what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, what

6

other grounds exist for the motion, and why the facts or circumstances were not shown at the time of the prior motion.

### B. Analysis

With respect to the Rule 60(b) motion, it must be determined whether the motion itself constitutes a prohibited successive petition.

Section 2244(b) requires dismissal of claims raised in an unauthorized successive habeas corpus application. Although Rule 60(b) generally applies to habeas corpus proceedings, it applies in habeas proceedings only to the extent that it is not inconsistent with applicable federal statutes and rules. Gonzalez v. Crosby, 545 U.S. at 529-36 (holding that § 2244(b)'s limitation on successive petitions did not bar a Rule 60(b) motion challenging a ruling that a § 2254 petition was untimely). A "habeas corpus application" within the meaning of § 2244(b) is a filing that contains a "claim," which in this context is an asserted federal basis for relief from a state court's judgment of conviction. Id. at 530. Thus, § 2244(b) requires dismissal of an attack on a federal court's previous resolution of a claim on the merits, or an attempt to add a new ground for relief, a claim based on newly discovered evidence, or a claim based on a change in the law. Id. at 531-32. However, when a Rule 60(b) motion attacks not the substance of the federal court's resolution of a claim on the merits, but rather some defect in the integrity of the federal habeas proceedings, such as fraud on the court, failure to exhaust state court remedies, procedural default, or untimeliness, it does not constitute a habeas corpus application and thus is not subject to the limitation against successive petitions. Id. at 532-33.

Here, Petitioner's petition challenged his criminal conviction. It was dismissed as successive and was not determined on the merits. However, Petitioner's post-judgment filings raise claims for relief from the state judgment of conviction insofar as they allege a miscarriage of justice in the underlying state criminal proceedings, law enforcement's misconduct concerning the evidence, and actual innocence of the charges; thus, any motion for reconsideration of such claims would be barred as successive.

Petitioner's other assertions, which may be understood as challenging the integrity of the habeas proceedings, do not merit relief pursuant to Rule 60(b). Petitioner's statements regarding a cover-up and murder are generalized and speculative and do not demonstrate any extraordinary circumstances affecting Petitioner's claims. Likewise, generalized assertions regarding staff's tampering with mail in prison or Petitioner's efforts to have another court clerk copy and send unspecified documents do not show any basis for relief. The fact that Petitioner failed to consent to Magistrate Judge jurisdiction is inapposite because the dispositive orders in Petitioner's case have been orders of the District Judge; thus, it does not appear that there is a problem with consent or jurisdiction. As previously noted, the record forecloses any claim that when it dismissed the petition, the Court was laboring under a mistake concerning the identity of the judgment challenged in the initial and successive petitions. Finally, as to Petitioner's claim that it was unfair to dismiss the petition in this proceeding without appointing counsel, the Court considered Petitioner's motion for the appointment of counsel and denied it because a single, straightforward issue, namely, the successive nature of the

petition, was presented in the findings and recommendations; the Court specifically found that the interests of justice did not require the appointment of counsel. (Doc. 10.)

Thus, Petitioner is not entitled to relief pursuant to Rule 60.

Here, the grounds of relief stated in Rule 59(e) are inconsistent with the ban on successive petitions set forth in 28 U.S.C. § 2244(b). However, even assuming that the Rule 59(e) motion would not itself constitute a prohibited successive petition, there has been no demonstration of unusual circumstances, newly discovered evidence, or intervening change in controlling law. The dismissal of Petitioner's petition was not clearly erroneous.

In summary, to the extent that Petitioner's filings constitute a motion for reconsideration of the dismissal of the petition, the motion for reconsideration will be denied.

### IV. Informational Order

Petitioner is INFORMED that because judgment has been entered and the case has been closed, no jurisdiction remains in this Court with respect to this proceeding.

### V. Certificate of Appealability

Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the Court of Appeals from the final order in a habeas proceeding in which the detention complained of arises out of process issued by a state court. 28 U.S.C. § 2253(c)(1)(A); Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). A district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Rule 11(a) of the Rules Governing Section 2254 Cases.

A certificate of appealability may issue only if the applicant makes a substantial showing of the denial of a constitutional right. § 2253(c)(2).  Under this standard, a petitioner must show that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further.  Miller-El v. Cockrell, 537 U.S. at 336 (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)).  A certificate should issue if the Petitioner shows that jurists of reason would find it debatable whether: (1) the petition states a valid claim of the denial of a constitutional right, and (2) the district court was correct in any procedural ruling.  Slack v. McDaniel, 529 U.S. 473, 483-84 (2000).

In determining this issue, a court conducts an overview of the claims in the habeas petition, generally assesses their merits, and determines whether the resolution was debatable among jurists of reason or wrong.  Id.  An applicant must show more than an absence of frivolity or the existence of mere good faith; however, the applicant need not show that the appeal will succeed.  Miller-El v. Cockrell, 537 U.S. at 338

Here, to the extent that a certificate of appealability is required for appellate review of this order, it does not appear that reasonable jurists could debate whether the petition should have been resolved in a different manner.  Petitioner has not made a substantial showing of the denial of a constitutional right.

Accordingly, the Court will decline to issue a certificate of appealability.

VI. Disposition

In accordance with the foregoing analysis, it is ORDERED that:

1) Petitioner's objections filed after the entry of judgment are DISREGARDED; and

2) Petitioner's motion for reconsideration is DENIED; and

3) The Court DECLINES to issue a certificate of appealability.

IT IS SO ORDERED.

Dated:   June 30, 2014                        _____
                                              SENIOR DISTRICT JUDGE